FILED

07 DEC 14 PM 12: 52

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE LOUISA S. PORTER)**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>**JULIO ESPINOZA,**<br><br>    Defendant. | ) ) ) ) ) ) ) ) ) ) ) | CASE NO. 07mj2566-POR<br><br><br><br>FINDINGS OF FACT AND ORDER OF DETENTION |

In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 *et seq.*), this Court conducted a detention hearing on November 2, 2007, to determine whether Julio Espinoza ("the Defendant") should be held in custody pending trial, on the grounds that he is a risk of flight. Assistant United States Attorney Mark W. Conover appeared on behalf of the United States. Leila W. Morgan, Federal Defenders of San Diego, appeared on behalf of Mr. Espinoza. Based on the evidence proffered by the United States and the defendant, the Pretrial Services Report, and the Complaint, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

//

//

//

# I.

# FINDINGS OF FACT

### A. Nature and Circumstance of the Offense Charged

1. The defendant is charged in a Criminal Complaint with one count of knowingly and intentionally importing approximately 11.28 kilograms of methamphetamine, a Schedule II Controlled Substance, into the United States from a place outside thereof, in violation of Title 21, United States Code, Sections 952 and 960.

2. The offense charged carries a mandatory minimum penalty of ten years imprisonment, and a maximum penalty of life imprisonment if convicted. The presumption under 18 U.S.C. § 3142(e) that the defendant should be detain applies in this case.

### B. Weight of the Evidence Against the Defendant

1. The weight of the evidence against the defendant is the least important factor. The defendant was the driver, sole occupant, and claimed owner of a vehicle containing 11.28 kilograms of methamphetamine.

2. There was evidence of recent painting and welding surrounding the non-factory compartment in which the drugs were secreted.

### C. History and Characteristics of the Defendant

1. Mr. Espinoza is a citizen of Mexico who was in possession of a border crossing card at the time of his arrest. He has no prior criminal history in the United States.

2. Mr. Espinoza has substantial family ties to the Republic of Mexico, but extremely limited family ties to the United States. Mr. Espinoza's wife, children and extended family all reside in Tijuana, Baja California, Mexico.

3. Mr. Espinoza is a small business owner, with an established work history in Tijuana, Baja California, Mexico.

//
//
//
//

## II.

## REASONS FOR DETENTION

The Court finds that there are no conditions or combination of conditions that would reasonably assure the defendant's appearance in Court. Mr. Espinoza is a twenty-eight year old man, who has strong family ties, no criminal history and an established work history. However, all of Mr. Espinoza's family and business ties are to Tijuana, Baja California, Mexico. The strong community ties in Mexico provide added incentive for the defendant to flee to Mexico, where this Court has no jurisdiction over him. The Court finds that, in spite of the lack of any prior record, the absence of ties to the United States, the strong ties to Mexico, the seriousness of this offense and the potential sentence in this case establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

## III.

## ORDER

IT IS HEREBY ORDERED that the defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that the defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with counsel.

While in custody, upon order of a court of the United States, or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

Dated: 12/13/07

HONORABLE LOUISA S. PORTER
United States Magistrate Judge